UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

Bruce Emmer

_____

_____ 12 CV 5061

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Columbia University

Jury Trial: ☒ Yes  ☐ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

X    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

X    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

X    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

X    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

*Rev. 05/2010*                                                 1

## I.      Parties in this complaint:

A.      List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____ Bruce Emmer _____

               Street Address _____ 831 Montgomery Street _____

               County, City _____ Kings County, Brooklyn _____

               State & Zip Code ____ NY 11213 _____

               Telephone Number ___ 718-953-8517 _____

B.      List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant        Name _____ Columbia University (Office of General Counsel) _____

               Street Address _____ 535 West 116th Street _____

               County, City _____ New York _____

               State & Zip Code ____ NY 10027 _____

               Telephone Number ___ 212-845-5669 _____

C.      The address at which I sought employment or was employed by the defendant(s) is:

               Employer _____ Columbia University Medical Center _____

               Street Address _____ 650 West 168th Street _____

               County, City _____ New York _____

               State & Zip Code ____ NY 10032 _____

               Telephone Number ___ 212-851-0662 _____

## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

               _____        Failure to hire me.

               __✕__        Termination of my employment.

               _____        Failure to promote me.

               _____        Failure to accommodate my disability.

               _____        Unequal terms and conditions of my employment.

X     Retaliation.

X     Other acts *(specify)*: First my Work ID was confiscated & I was barred from my office .

> *Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.     It is my best recollection that the alleged discriminatory acts occurred on: Jan. 8-Feb. 18, 2010 .

                                                                                                      *Date(s)*

C.     I believe that defendant(s) *(check one)*:

                     is still committing these acts against me.

            X     is not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐     race                               ☐     color _____

☐     gender/sex _____     ☒     religion Jewish

☐     national origin _____

☒     age.     My date of birth is 3/27/45      *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐     disability or perceived disability, _____ *(specify)*

E.     The facts of my case are as follow *(attach additional sheets as necessary)*:

In January-February 2010 the Columbia University Medical Center Radiation Safety Office, where I had been employed for many years, underwent a reorganization with three accompanying layoffs. This was carried out in a manner not in compliance with regulatory requirements of the New York City Department of Health and Mental Hygiene and not in compliance Columbia's own Policies and Commitments to regulatory agencies. The only three employees negatively affected and laid off were myself and two others. All of us are clearly identified as older Orthodox, Chassidic Jews with beards and yarmulkes. The reasons given by Columbia for the layoffs are false and misleading. My termination and the other terminations was clearly for illicit discriminatory reasons. See attached.

> *Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: November 23, 2010 *(Date)*.

B.  The Equal Employment Opportunity Commission *(check one)*:

            _____ has not issued a Notice of Right to Sue letter.

              X issued a Notice of Right to Sue letter, which I received on April 3, 2012 *(Date)*.

        *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

            X 60 days or more have elapsed.

            _____ less than 60 days have elapsed.

## IV.  Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

Compensation for loss of wages, emotional pain and suffering, punitive damages, and attorneys' fees.

Letter of apology, and reinstatement to my position.

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 24th day of _____June_____, 20 12.

Signature of Plaintiff _____

Address       831 Montgomery Street

                  Brooklyn, NY 11213

Telephone Number   718-953-8517

Fax Number *(if you have one)*   855 838 - 0428

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Bruce P. Emmer**
      **831 Montgomery Street**
      **Brooklyn, NY 11213**

From:   **New York District Office**
        **33 Whitehall Street**
        **5th Floor**
        **New York, NY 10004**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-00715 | **Arlean C. Nieto,**<br>**Supervisory Investigator** | (212) 336-3676 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin J. Berry*

**Kevin J. Berry,**
**District Director**

MAR  3 0  2012

*(Date Mailed)*

Enclosures(s)

cc:   **Donna P. Fenn**
      **Attn:  General Counsel**
      **COLUMBIA UNIVERSITY**
      **412 Low Memorial Library Mail Code 4308**
      **4308 535 W. 116th Street**
      **New York, NY 10027**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Mr. Bruce Emmer
831 Montgomery Street
Brooklyn, NY 11213

Re:    EEOC Charge No. 520-2011-00715
       Bruce Emmer v. Columbia University

Dear Mr. Emmer:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission")
has reviewed the above-referenced charge according to our charge prioritization procedures.
These procedures, which are based on a reallocation of the Commission's staff resources,
apply to all open charges in our inventory and call for us to focus our limited resources on those
cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the
information and evidence you submitted.  You allege you were discriminated against because of
your religion and age.

Respondent's position statement was previously shared with you. Your rebuttal to this position
statement including your witness statement has been received and analyzed.  Based upon this
analysis the Commission is unable to conclude that the information establishes that Respondent
violated the Federal laws enforced by this Agency.  This does not certify that Respondent is in
compliance with the statutes.  No finding is made as to any other issue that might be construed
as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is
your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this
matter by filing suit against the Respondent named in the charge within 90 days of your receipt
of said notice.  Otherwise, your right to sue will be lost.

Please contact Investigator, D. Young at (212) 336 - 3758 if you have any questions.

Sincerely,

_for_

Kevin J. Berry
District Director

MAR   3 0   2012
Date

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

 

FIRST CLASS

02 1P                $
00020003026     N
MAILED FROM ZIP

Mr. Bruce Emmer
831 Montgomery Street
Brooklyn, NY 11213

11213852B0  C020

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel. The appointment of counsel in any *pro se* complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $120.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association
(312) 988-5522

New York State Bar Association
(800) 342-3661

National Employment Lawyers Association Referral Service
(212) 819-9450

Your County, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. **If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# FACTS ABOUT FILING
# AN EMPLOYMENT DISCRIMINATION SUIT
# IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge.  The Commission's action is effective upon receipt.  Now, you must decide whether you want to file a private lawsuit in court.  This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit.  You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge.  The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred.  New York State has four federal districts:

- The **United States District Court for the Southern District of New York** is located at 500 Pearl Street in Manhattan.  It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester.

- The **United States District Court for the Eastern District of New York** is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk.

- The **United States District Court for the Western District of New York** is located at 68 Court Street in Buffalo.  It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates.

- The **United States District Court for the Northern District of New York** is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneinda, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's *pro Se* Attorney has offices at 10 Broad Street in Utica New York.

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit **must** be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action.  Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

Information Sheet (page 1 of 2)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

## 1. Personal Information

Last Name: __EMMER__     First Name: __BRUCE__     MI: __P.__

Street or Mailing Address: __831 Montgomery Street__ Apt or Unit #: _____

City: __Brooklyn__     County: __Kings__     State: __NY__ Zip: __11213__

Phone Numbers: Home: __(718) 953-8517__     Work: (____) _____

Cell: __(347) 446-0515__     Email Address: __bpemmer@yahoo.com__

Date of Birth: __3/27/45__     Sex: ☒ Male ☐ Female     Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.**   i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native   ☐ Asian   ☒ White

☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? __USA__

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: __MRS. Iris EMMER__     Relationship: __Wife__

Address: __831 Montgomery Street__ City: __Brooklyn__ State: __NY__ Zip Code: __11213__

Home Phone: __(718) 953-8517__     Other Phone: __(347) 406-4784__

## 2. I believe that I was discriminated against by the following organization(s): (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) _____

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: __Columbia University__

Address: __650 West 168th Street__ County: __New York__

City: __New York__     State: __NY__ Zip: __10032__ Phone: (____) _____

Type of Business: __Medical Center__ Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _____     Phone: (____) _____

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☒ More than 500

## 3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No

Date Hired: __See attached sheet__ Job Title At Hire: __Health Physicist__

Pay Rate When Hired: _____     Last or Current Pay Rate: _____

Job Title at Time of Alleged Discrimination: __Health Physicist__ Date Quit/Discharged: __February 18, 2010__

Name and Title of Immediate Supervisor: _____

If Job Applicant, Date You Applied for Job _____     Job Title Applied For _____

1

**4.  What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☒ Age  ☐ Disability  ☐ National Origin  ☒ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _See Attached Sheet._

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____

**5.  What happened to you that you believe was discriminatory?** <u>Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.</u>  **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*
A.  Date: _____  Action: _See Attached Sheet._____

_____

Name and Title of Person(s) Responsible: _____

B.  Date: _____  Action: _____

_____

Name and Title of Person(s) Responsible _____

**6.  Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
_See Attached Sheet_____

_____

**7.  What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**
_See Attached Sheet_____

_____

**8. Describe who was in the same or similar situation as you and how they were treated.  For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.**

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. _See Attached Sheet_ | | | |
| B. | | | |

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

Full Name           Race, Sex, Age, National Origin, Religion or Disability    Job Title         Description of Treatment

A. _____

_____

B. _____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

Full Name           Race, Sex, Age, National Origin, Religion or Disability    Job Title         Description of Treatment

A. _____

_____

B. _____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.

9.  Please check all that apply:         ☐ Yes, I have a disability
                                       ☐ I do not have a disability now but I did have one
                                       ☐ No disability but the organization treats me as if I am disabled

10.  **What is the disability that you believe is the reason for the adverse action taken against you?   Does this disability prevent or limit you from doing anything?**  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

11.  **Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
     ☐ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12.  **Did you ask your employer for any changes or assistance to do your job because of your disability?**
     ☐ Yes  ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|

A. _See Attached Sheet_

B. _____

**14. Have you filed a charge previously on this matter with the EEOC or another agency?**  ☒ Yes  ☐ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

_OSHA, Oct 18, 2010_

**16. Have you sought help about this situation from a union, an attorney, or any other source?**  ☐ Yes  ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights.** If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

---

**BOX 1**  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

---

**BOX 2**  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

---

_[signature]_
**Signature**

_Nov 23, 2010_
**Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

## Notes Attached to EEOC Intake Questionnaire

### Item 3:  Date of Hire

date hired – casual employee in November 1998?
became permanent part time employee early 2000's. (between 1999 and 2003)

### Item 4: Basis for Claim

The basis for my claim of employment discrimination is my age – 64 at the time I was fired –
and my religion. I am a clearly identified Orthodox, Chassidic Jew with a beard and yarmulke.
The only two other people who were terminated as part of this "reorganization" were also older,
visibly Orthodox, Chassidic Jews. My termination was not in the interest of the institution, as
will be shown in this document.

### Item 5:  Details of Discriminatory Actions

I was employed for a number of years on a permanent, part-time basis as a physicist in the
Radiation Safety Office of Columbia University Medical Center (CUMC)/New York
Presbyterian Hospital-Columbia Center (NYPH)/New York State Psychiatric Institute (NYSPI).
I worked on a one-quarter time schedule – 10 hours per week, primarily on Sundays. I reported
directly to Salmen Loksen, Director of Radiation Safety.

On Feb. 18, 2010, following a number of irregular actions relating to the Radiation Safety
Office, as described in this document, I received via FedEx a letter of termination that
inaccurately described my employment status. (The letter stated that I was an hourly employee.
See attached copy of letter.) I was not given an OWBPA disclosure. I was told that my
termination was due to a reorganization of the department and my services would not be
required. Further documentation below will show that the "reorganization" was discriminatory.

The letter was signed by Kathleen Crowley, Associate VP.

This letter came after the head of the Radiation Safety Office, Salmen Loksen CHP, DABR and
Moshe Friedman, were summarily fired on Thursday, Jan. 7, 2010, in violation of the New York
City law (RCNY 175.103(b)(3)(ii)(B) and U.S. federal law governing the licensing of
institutions that handle radioactive materials.

On Sunday, January 10, 2010, I was locked out of the Radiation Safety Office without notice.
That morning I arrived at work as usual and found the locks changed. I went to the security desk,
and the guard escorted me to the security office. I was able to see the entry in the log book

because the employees in the security office asked me to help them read the handwriting. The entry stated that no one was to be allowed access to the Radiation Safety Offices on Sunday, "especially Bruce Emmer." The security personnel then confiscated my ID card and told me to call the office the next day.

When I called, I was told by a secretary in the Radiation Safety Office that I should not come to work but would have to meet with Kathleen Crowley and George Hamawy, the person put in charge of the Radiation Safety Office after Mr. Loksen was fired. Since I have a regular weekday job, the earliest appointment I was able to make with them was at 8:30 am on Monday, Jan 25. I was told not to come to work in the meantime.

When I arrived for the meeting, only Mr. Hamawy was present. He met with me briefly and would not allow me to have access to my office. I asked if my ID card could be returned to me and he told me to wait until they would make a determination about how things would be worked out.

One of my functions on Sundays was to be on call in the event of a radiation emergency, as no other senior officers were normally available on that day. On the Sunday after I received the letter of termination I received a call from the security office of the New York Presbyterian Hospital concerning a radiation alarm at the hospital, because I was still listed as the contact person on their call list, and no one else was in present and able to respond to the call in a timely manner. I told them I was no longer in the position and that they should call Kathleen Crowley.


**Item 6: Why are These Actions Discriminatory?**

**a)  Religious Discrimination:**

The *only* three people affected by the "reorganization" are visibly identified as Orthodox, Chassidic Jews with yarmulkas and beards. We were not replaced by more qualified employees. In the case of Mr. Loksen, he was replaced by someone without the credentials or experience that he had. In my case, the department was left with a shortage of qualified staff to perform the work I did.
The nominal reason given for the reorganization was to combine the CUMC Radiation Safety Office with the Morningside Heights campus Radiation Safety Office.

However, the two facilities are quire different in their function and requirements.
The Radiation Safety Office for CUMC/NYPH/NYPSI administrators a Broad Scope Human Use Radioactive Materials License. This is a very complex license with a tremendous amount of regulatory oversight.

The Morningside Heights campus, on the other hand, only has a General Radioactive Materials License, which entails a much lower level of oversight and responsibility. Physicists working in medical physics, as at CUMC, are required by NY State law to be licensed medical physicists. (NY State Education Law Article 166, Medical Physics Practice)

This is not the case with physicists working under a general (non-human use) license, as at Morningside Heights.

This raises the question of why two licensed medical physicists, both religious Jews, and a third religious Jew were singled out as the only employees of both the CUMC Radiation Safety office and Columbia's Morningside Heights campus office to be eliminated in the "reorganization." The new head of the CUMC Radiation Safety Office is not a licensed medical physicist. (See further details below.)

Since this action was not only illegal (as explained below) but contrary to the interests of the Radiation Safety Office, we are justified in concluding that discriminatory factors were at work.

Mr. Tom Juchnewicz, a physicist in the Radiation Safety Office, stated that in a conversation with Dr. Eric Hall, the former head of the Radiation Research Center at CUMC and an internationally recognized scientist, the latter told him that "a reason for the shakeout is that there are too many yarmulkas in Radiation Safety."

## b) Age Discrimination:

I was the oldest person in the Radiation Safety Office at age 64, and Salmen Loksen, the second oldest at 61. Moshe Friedman, at 57, was the oldest administrative/secretarial employee. Gray beards made our age even more noticeable.

Mr. Loksen and Mr. Friedman received upon their termination an OWBPA disclosure which listed the ages of employees in the affected groups and those who were selected for "reorganization.' I was not included on this list for termination, nor did I receive an OWBPA disclosure when I was terminated.

None of the other 14 regular employees in the Radiation Safety Office were selected for termination. None of the staff in the Morningside Heights office were chosen for termination. Four casual employees were also unaffected. The only employees selected for layoff were the oldest in our job categories, ranging from 57 to 64 years old.

The three who were terminated had a long record of excellent performance. The Radiation Safety Office under Mr. Loksen's direction was brought to high standards of regulatory compliance, and Mr. Loksen earned the praise and respect of colleagues and peers within CUMC and related facilities.

As mentioned above, the "reorganization" was done in a manner that flouted NYC and other government regulations. The NYC Dept. of Health & Mental Hygiene, Office of Radiological Health, operating under an agreement with the U.S. Nuclear Regulatory Commission, has oversight over any changes that can be legally made to a radioactive materials license. Changing the Radiation Safety Officer can only be done by first getting the approval of the Joint Radiation Safety Committee, and submitting a request for an amendment to their Radioactive Materials

Page 3

License amendment to the NYC Dept of Health & Mental Hygiene, Office of Radiological Health, allowing them to make the proposed change of Radiation Safety Officer. Only upon approval of the Dept. of Health, and issuance of a license amendment, may the change be legally effected.

Nevertheless, without such approval, CUMC replaced Mr. Loksen with an individual who was significantly less qualified be Radiation Safety Officer of a hospital/medical research facility. (See details below.)

In addition, the Radiation Safety Office was already short of qualified staff. For many years the Regulatory Agencies, NYC DOH and NYS Department of Environmental Conservation have sent written recommendations (even warnings) to CUMC about the need to retain adequate staffing levels in the Radiation Safety Office. In this action, with professional medical physics and radiation safety experts Salmen Loksen and Bruce Emmer being laid off, it is almost certain that there will be a gap in the RSO's ability to maintain its responsibilities.

To explain further, medical physicists are licensed by the New York State Department of Education, under the same statute as physician licensing. Practicing medical physics without a medical physics license carries the same legal penalties as practicing medicine without a medical license. As a result, licensed medical professionals are directed in their professional activities by other licensed professionals. If the supervisor is not properly licensed, this would normally be considered to be practicing without a license

Salmen Loksen and Bruce Emmer are licensed medical physicists, while the new head of the Radiation Safety Office is not licensed to practice medical physics. He was formerly in charge of Radiation Safety at the Morningside campus of Columbia University, a non-medical facility involving no medical radiation and therefore having lighter regulatory requirements than those for medical -- and especially for human use -- applications.

The so-called reorganization combined the radiation safety functions of the CUMC and Morningside campuses. Between the two departments, the physicists at the CUMC Radiation Safety Office were far more qualified to continue to serve the needs of the medical facility. (As mentioned above, the requirements for medical use of radiation are more stringent and require professional licensing in accordance with NY State law.)

In spite of this, no employees of the Morningside office were fired. Based on the factors listed above it is clear that the firing of Emmer, Loksen and Friedman was not in best interests of the Radiation Safety Office or of CUMC, but done for discriminatory reasons.

A similar "reorganization" had been tried before in 2004, by some of the same individuals involved (specifically, Kathleen Crowley). The earlier reorganization attempt did not obtain approval of the Joint Radiation Safety Committee, so that no amendment to the broad scope human use radioactive materials license was approved by the NYC Dept. of Health & Mental Hygiene, Office of Radiological Health.

Page 4

The 2004 attempted reorganization resulted in a violation from NYC Department of Health & Mental Hygiene against CUMC. (Copy attached.) Dr. Fischbach, head of CUMC (since replaced by Dr. Goldman) sent a letter of retraction to the City. (A copy of Dr. Fischbach's letter is attached.)

In the present January 2010 reorganization, legal channels were deliberately ignored. There was no consideration and vote of the Joint Radiation Safety Committee and no License Amendment was submitted for approval. No License Amendment has been issued.

Ms. Crowley and the head of the CUMC Radiation Research Institute and chairman of Radiation Safety Committee, David Brenner, were certainly aware of these regulatory requirements. In order to circumvent them, they acted quickly and illegally to lock people out and without notice or recourse, deny them access to their computers and effect a rapid-fire takeover of the department and fire the people they wanted to fire, without regard for the interests of the department or the institution.

In the January 2010 reorganization, it is unclear why anyone should have been laid off. Even in 2004, when CUMC first tried to accomplish a reorganization to unite Environmental Health & Safety and the RSO, it was done without terminating any positions. (The Morningside Heights Radiation Safety Office is a minor department of EH&S.)

It seems almost certain that the immediate layoff of three critical employees will have a negative impact on the ability of the RSO to fulfill all its responsibilities and provide the best possible radiation safety services, and almost inevitably will result in problems, especially as there are many expanding responsibilities in recent years and that are foreseen for the future addition of various new projects. Indeed, at the present time there is a pressing need for additional staff, certainly not for less staff, and this has been continuously been recommended by State and City regulatory agencies, and committed to by CUMC management.

Summing up, in the present restructuring, contrary to regulatory requirements, all of these substantial changes were implemented without the review and vote of approval by the CUMC/NYPH/NYSPI Joint Radiation Safety Committee. Additionally, all of these substantial changes were implemented without submission to NYC DOHMH and receipt of proper License Amendments.

The "reorganization shows general atmosphere of disregard for compliance and strongly indicates that there were discriminatory motives operating. In spite of being among the most qualified employees, only older Jewish men were fired.

**Item 7: Reasons Given for Discriminatory Actions**

I received a letter (attached) from Kathleen Crowley informing me that "As you are aware, the CUMC Radiation Safety Office has been restructured. After further assessment of the need of the department, we have determined that it is not necessary to continue a position for one day per

week. As a result of this assessment, we will no longer require your services effective February 18, 2010."

The reason given according to this letter, the termination of my employment was part of a restructuring.

The letter contained several erroneous statements, including identifying me as an hourly employee. My position was that of a permanent, part-time officer.

## Item 8:  Those Treated Better

1. Tom Juchnewicz, a physicist in the CUMC Radiation Safety Office who is not Jewish, was not fired.
2. Employees at the Morningside Heights Campus Radiation Safety Office were not considered for termination.
3. Only older Chassidic Jews, separated out from all other employees in the departments involved in the "reorganization," were singled out for termination, regardless of qualifications, track record, or value to the Radiation Safety Office. Therefore, all other employees were treated better.
4. Salmen Loksen and Moshe Friedman were given an OWBPA disclosure statement. I was not given this statement, nor listed as one of the employees included in the "reorganization."  Nevertheless I was locked out of my office and prevented from returning to work. Later on I was told that my position was eliminated due to that reorganization.  Therefore they were treated better.

## Item 13:  Witnesses to the Alleged Discriminatory Incidents

Salmen Loksen
Moshe Friedman
Thomas Juchnewicz
Dr. Edward Nickaloff
Dr. Eric Hall
Dr. Murray Schwartz (Oral Surgery)