PROSKAUER ROSE LLP
Susan D. Friedfel
Eleven Times Square
New York, NY 10036-8299
Tel: 212.969.3384
Fax: 212.969.2900
sfriedfel@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
BRUCE EMMER,                          :
                                      :
            Plaintiff,                :     No. 12-CV-5061 (RA)
                                      :             ECF
       v.                             :
                                      :     **ANSWER**
COLUMBIA UNIVERSITY,                  :
                                      :
            Defendant.                :
                                      :
------------------------------------- X

Defendant The Trustees of Columbia University in the City of New York (incorrectly named herein as "Columbia University") ("Columbia" or "Defendant"), by and through its undersigned counsel, Proskauer Rose LLP, hereby files its Answer to Plaintiff Bruce Emmer's ("Plaintiff" or "Emmer") Complaint (the "Complaint")[1] and states as follows:

## AS TO THE FIRST PAGE OF THE COMPLAINT

1.      Admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*,

---

[1] Plaintiff's Complaint consists of a combination of the Form Complaint for Employment Discrimination along with a copy of his Charge of Discrimination filed with the New York District Office of the U.S. Equal Employment Opportunity Commission ("EEOC"), his Intake Questionnaire with the EEOC, and a copy of the Dismissal and Notice of Rights from the EEOC. For purposes of this Answer, citations to page numbers reflect those that appear on the docketed Complaint.

and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, but denies that there exists any basis in law or fact for Plaintiff's claims.

### AS TO SECTION I – PARTIES IN THIS COMPLAINT

2. Admits that Plaintiff purports to bring this action on behalf of himself as alleged in Section I. A of the Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I. A of the Complaint concerning Plaintiff's residence and telephone number.

3. Denies the allegations contained in Section I. B of the Complaint except admits that Plaintiff purports to bring this action against Defendant and that 535 W 116th Street, New York, NY 10027 is the address of the Office of the General Counsel of Columbia University.

4. Denies the allegations contained in Section I. C of the Complaint except admits that the office in which Plaintiff worked for Columbia was located at the University's Medical Center campus on West 168th Street, New York, NY 10032.

### AS TO SECTION II – STATEMENT OF CLAIM

5. Admits that Plaintiff purports to assert in Section II. A of the Complaint claims of discriminatory termination of employment and retaliation, but denies that there exists any basis in law or fact for Plaintiff's claims.

6. Denies having ever committed any discriminatory acts against Plaintiff, as implied by the allegation contained in Section II. B of the Complaint.

7. Denies having ever committed any discriminatory acts against Plaintiff, as implied by the allegation contained in Section II. C of the Complaint.

8. Denies the allegations set forth in Section II. D of the Complaint.

9. Denies the allegations contained in the first sentence of the first unnumbered paragraph in Section II. E of the Complaint, except admits that in January 2010, Columbia underwent a reorganization, pursuant to which the Radiation Safety Offices across Columbia's campuses, including the Columbia University Medical Center ("CUMC") Radiation Safety Office, were merged within the Office of Environmental Health & Safety.

10. Denies the allegations contained in the second sentence of the first unnumbered paragraph in Section II. E of the Complaint.

11. Denies the allegations contained in the third sentence of the first unnumbered paragraph in Section II. E of the Complaint, except admits that two positions were eliminated in connection with the January 2010 reorganization, and further states that Plaintiff was terminated effective February 18, 2010.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of the first unnumbered paragraph in Section II. E of the Complaint, that Plaintiff and "two others . . . are clearly identified as older, Orthodox, Chassidic Jews with beards and yarmulkes," but admits that Plaintiff and the two individuals whose positions were eliminated in connection with the January 2010 reorganization wore beards and yarmulkes.

13. Denies the allegations contained in the fifth sentence of the first unnumbered paragraph in Section II. E of the Complaint.

14. Denies the allegations contained in the sixth sentence of the first unnumbered paragraph in Section II. E of the Complaint.

**AS TO SECTION III – EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Section III. A of the Complaint, except admits that Plaintiff purportedly filed a charge of discrimination with the EEOC on or about November 23, 2010.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Sections III. B of the Complaint, except admits that the EEOC issued a Dismissal and Notice of Rights, and further states that the EEOC's Dismissal and Notice of Rights is dated March 30, 2012.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Sections III. C of the Complaint, except admits that more than 60 days have elapsed between the EEOC's Dismissal and Notice of Rights dated March 30, 2012 and the date on page 4 of Plaintiff's Complaint.

**AS TO SECTION IV – RELIEF**

18.     Admits that Plaintiff purports to seek the relief stated in Section IV of the Complaint, but denies that Plaintiff is entitled to any of the relief requested, or any other relief whatsoever.

**AS TO THE ADDITIONAL PAGES ANNEXED TO PLAINTIFF'S COMPLAINT**

Defendant objects to the inclusion of pages 5 through 20 of the Complaint on the ground that it violates Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party state its claims or defenses in numbered paragraphs.  Defendant denies all allegations of discrimination and retaliation asserted in those and all other pages of Plaintiff's Complaint.

Defendant responds to the allegations on pages 5 through 20 of the Complaint more specifically as follows:

19. Page 5 of 20 of the Complaint does not require a response from Defendant.

20. Page 6 of 20 of the Complaint does not require a response from Defendant.

21. Page 7 of 20 of the Complaint does not require a response from Defendant.

22. Page 8 of 20 of the Complaint does not require a response from Defendant.

23. Page 9 of 20 of the Complaint does not require a response from Defendant.

24. Page 10 of 20 of the Complaint does not require a response from Defendant.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1 on page 11 of 20 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 2 on page 11 of 20 of the Complaint regarding Plaintiff's belie[fs], but denies that there exists any basis in law or fact for Plaintiff's claims. Defendant further admits that it employs more than 500 employees.

27. Admits the allegations contained in Paragraph No. 3 of page 11 of 20 of the Complaint, except addresses the allegations asserted by Plaintiff in the "attached sheet" separately.

28. Denies having ever committed any discriminatory or retaliatory acts against Plaintiff, as implied by the allegations contained on page 12 of 20 of the Complaint, and addresses the allegations asserted by Plaintiff in the "attached sheet" separately.

29. Page 13 of 20 of the Complaint does not require a response from Defendant.

30. Denies having ever committed any discriminatory or retaliatory acts against Plaintiff, as implied by the allegations contained in Paragraph No. 13 on page 14 of 20 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph No. 14 on page 14 of 20 of the Complaint, except admits that Plaintiff purportedly filed a charge of discrimination with the EEOC on or about November 23, 2010.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph No. 15 on page 14 of 20 of the Complaint, except admits that Plaintiff filed a complaint with the United States Department of Labor's Occupational Safety and Health Administration on or about August 18, 2010.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph No. 16 on page 14 of 20 of the Complaint, and states that the information contained below paragraph No. 16 on page 14 of 20 of the Complaint does not require a response from Defendant.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in "Item 3" on page 15 of 20 of the Complaint, except admits that Plaintiff commenced his employment with Defendant in November 1998 as a casual employee and was hired as a permanent part-time employee in 2001.

35. Denies the allegations contained in the first and fourth sentences of "Item 4" on page 15 of 20 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of "Item 4" on page 15 of 20 of the Complaint, except admits that Plaintiff wears a beard and yarmulke and that the

two individuals affected by the January 2010 reorganization were ages 57 and 61 at the time of their respective terminations.

36. Admits the allegations contained in the first unnumbered paragraph of "Item 5" on page 15 of 20 of the Complaint.

37. Denies the allegations contained in the second unnumbered paragraph of "Item 5" on page 15 of 20 of the Complaint, except admits that Plaintiff was sent a notice of termination of employment dated February 17, 2010 and respectfully refers the Court to the notice for its contents and admits that Plaintiff was not given an OWBPA disclosure.

38. Admits the allegations contained in the third unnumbered paragraph of "Item 5" on page 15 of 20 of the Complaint.

39. Denies the allegations contained in the fourth unnumbered paragraph of "Item 5" on page 15 of 20 of the Complaint, except admits that Moshe Friedman and Salmen Loksen were terminated from their employment with Defendant on January 7, 2010.

40. Denies the allegations contained in the fifth, sixth and seventh unnumbered paragraphs of "Item 5" on pages 15 and 16 of 20 of the Complaint, except admits that Plaintiff was prevented from accessing the CUMC Radiation Safety Office on January 10, 2010 pending a meeting between Plaintiff and George Hamawy ("Hamawy"), then Acting Chief Radiation Safety Officer and that Plaintiff and Hamawy met on January 25, 2010. Defendant further states that several attempts were made to set up additional appointments with Plaintiff, but he indicated that he would not be available until March 1, 2010.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eighth paragraph of "Item 5" on page 16 of the Complaint, except

admits that Plaintiff claimed that one of his functions was to be on call in the event of a radiation emergency.

42. Denies the allegations contained in the first unnumbered paragraph of "Item 6(a)" on page 16 of 20 of the Complaint, except admits that Plaintiff and the two individuals affected by the January 2010 reorganization wore beards and yarmulkes, and states that Plaintiff was terminated effective February 18, 2010.

43. Denies the allegations contained in the second unnumbered paragraph of "Item 6(a)" on page 16 of 20 of the Complaint, except admits that in January 2010, Columbia underwent a reorganization, pursuant to which the Radiation Safety Offices across Columbia's campuses, including the CUMC Radiation Safety Office, were merged within the Office of Environmental Health & Safety.

44. Denies the allegations contained in the third unnumbered paragraph of "Item 6(a)" on page 16 of 20 of the Complaint, except admits that in 2010, the CUMC Radiation Safety Office administered a broad scope radioactive materials license that covered the use of radioactive materials in humans, among others.

45. Denies the allegations contained in the fourth and fifth unnumbered paragraphs of "Item 6(a)" on pages 16 and 17 of 20 of the Complaint, except admits that the Morningside Heights campus Radiation Safety Office administered a broad scope academic, research and development license, among others.

46. Denies the allegations contained in the sixth, seventh and eighth unnumbered paragraphs of "Item 6(a)" on page 17 of 20 of the Complaint.

47.     Denies the allegations contained in the first unnumbered paragraph of "Item 6(b)" on page 17 of 20 of the Complaint, except admits that at the time of their terminations, Plaintiff, Loksen, and Friedman were 64, 61 and 57 years old, respectively.

48.     Denies the allegations contained in the second and third unnumbered paragraph of "Item 6(b)" on page 17 of 20 of the Complaint, except admits that Loksen and Friedman received OWPBA disclosures upon their selection for termination as part of the January 2010 reorganization, that Loksen and Friedman were the only two employees selected for termination as part of the January 2010 reorganization, and that Plaintiff did not receive an OWPBA disclosure upon termination.

49.     Denies the allegations contained in the fourth unnumbered paragraph of "Item 6(b)" on page 17 of 20 of the Complaint.

50.     Denies the allegations contained in the fifth, sixth and seventh unnumbered paragraphs of "Item 6(b)" on pages 17 and 18 of 20 of the Complaint.  To the extent these allegations purport to set forth a statement of law, they do not require a response from Defendant.

51.     The eighth unnumbered paragraph of "Item 6(b)" on page 18 of the Complaint purports to set forth a statement of law and does not require a response from Defendant.

52.     Denies the allegations contained in the ninth unnumbered paragraph of "Item 6(b)" on page 18 of the Complaint, except admits that as of January 2010, Loksen was a licensed medical physicist, that as of February 2010, Emmer was a licensed medical physicist, and that as of February 2010, the former head of Radiation Safety at the Morningside campus of Columbia University was not a licensed medical physicist.

9

53. Denies the allegations contained in the tenth and eleventh unnumbered paragraphs of "Item 6(b)" on page 18 of the Complaint, except admits that in January 2010, Columbia underwent a reorganization, pursuant to which the Radiation Safety Offices across Columbia's campuses, including the CUMC Radiation Safety Office, were merged within the Office of Environmental Health and Safety.

54. Denies the allegations contained in the twelfth and thirteenth unnumbered paragraphs of "Item 6(b)" on pages 18 and 19 of the Complaint, except admits that Columbia made previous attempts to merge the Radiation Safety Offices across its campuses within the Office of Environmental Health and Safety.

55. Denies the allegations contained in the fourteenth through nineteenth unnumbered paragraphs of "Item 6(b)" on page 19 of the Complaint.

56. Denies the allegations contained in "Item 7" on pages 19 and 20 of 20 of the Complaint, except admits that Plaintiff was sent a notice of termination of employment dated February 17, 2010 and respectfully refers the Court to the notice for its contents.

57. Denies having engaged in any discriminatory or retaliatory treatment against Plaintiff or any other employees, as implied by the allegations contained in "Item 8" on page 20 of 20 of the Complaint.

58. Denies having ever committed any discriminatory or retaliatory acts against Plaintiff, as implied by the allegations contained in "Item 13" on page 20 of 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint, are barred, in whole or in part, as to any matters for which Plaintiff has failed to exhaust, and/or has elected, administrative or other remedies.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because at all relevant times Defendant acted in good faith toward Plaintiff, and any action taken toward Plaintiff was for legitimate, non-discriminatory, non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior. Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that an impermissible consideration may have affected any decision regarding Plaintiff, (which Defendant denies), Defendant would have taken the same action for legitimate, non-discriminatory, non-retaliatory reasons.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint fails to state a claim upon which an award of compensatory damages, liquidated damages, punitive damages, and/or attorneys' fees can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any exemplary or punitive damages because, at all relevant times, including before the alleged conduct that forms the basis of Plaintiff's claims, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination and retaliation in employment and did not ratify, authorize or acquiesce in any malicious, willful or reckless act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or his recoverable damages, if any, should be reduced, because he failed to take reasonable steps to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds for the belief that its alleged acts or omissions were not violations of the law.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors contained in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages based upon emotional, mental or physical injuries are barred by the exclusivity provisions of the applicable workers' compensation laws.

Dated: December 12, 2012
New York, New York

                              PROSKAUER ROSE LLP

                              By:   /s/ Susan D. Friedfel
                                   Susan D. Friedfel
                                   Eleven Times Square
                                   New York, New York 10036
                                   Phone: (212) 969-3384
                                   Fax: (212) 969-2900
                                   sfriedfel@proskauer.com
                                   *Attorneys for Defendant*