USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 02 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                       :
BRUCE EMMER,                                           :
                                                       :
                        Plaintiff,                     :
                                                       :          No. 12 Civ. 5061 (RA)
            -v-                                        :
                                                       :          ORDER AND NOTICE OF
COLUMBIA UNIVERSITY,                                   :          INITIAL CONFERENCE
                                                       :
                        Defendant.    :
                                                       :
--------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

        This case has been assigned to me for all purposes.  It is hereby:

        ORDERED that all parties or their counsel appear for an initial case management

conference with the Court on February 14, 2013 at 10:00 a.m. to be held in Courtroom 1506 at

the U.S. Courthouse, 40 Centre Street, New York, New York 10007.  If you are proceeding *pro*

*se* (without an attorney), you are required to appear personally at this conference.  If you have

retained an attorney, he or she should attend the conference in your place, although you are

permitted to attend as well.

        The purpose of the conference is to discuss a discovery schedule, any possible motions

you may wish to make and settlement.  You may submit a letter no longer than two (2) pages by

February 7, 2013 addressing discovery you may need and any specific issues you intend to raise

at the conference.

        If you cannot attend the conference at the time and date specified above, you must

promptly request a change in writing.  The request must state: (1) the original date(s); (2) the

number of previous requests for adjournment or extension; (3) whether these previous requests were

granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the

adversary for refusing to consent. Unless all parties are notified that the conference date has been changed, it will be held as scheduled.

A copy of the Court's Special Rules & Practices in Civil *Pro Se* Cases is enclosed. Attorneys and unrepresented parties are directed to consult these rules with respect to communications with Chambers and other matters.

SO ORDERED.

Dated:      January 2, 2013
            New York, New York

Ronnie Abrams
United States District Judge

August 23, 2012

## SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES
## RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007
(212) 805-0175

1. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be sent to the Pro Se Office and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No documents or Court filings should be sent directly to Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Abrams' Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Abrams. Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers.**

   A. **By a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented. If counsel for a party in a *pro se* case files and delivers a Notice of Waiver of Paper Service pursuant to section 2(C) below, the *pro se* party will no longer be required to (1) send copies to counsel who filed the waiver or (2) file a corresponding Affidavit of Service but will still need to submit paperwork to the Pro Se

Office for filing on ECF.

**B. By Parties Represented by Counsel.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court a separate Affidavit of Service. Submissions filed without proof that the *pro se* party was served will not be considered.

**C. Waiver of Paper Service by Counsel.** Counsel in *pro se* cases designated to the ECF system may waive paper service upon themselves and rely on service through the ECF system by electronically filing a Notice of Waiver of Paper Service (available at http://nysd.uscourts.gov/file/forms/waiver-of-rule-5-service-for-pro-se-cases and in the Pro Se Office) and delivering a paper copy of such Notice to the *pro se* party. Where such Notice is filed, the *pro se* party will no longer be required to: (1) serve paper documents on the counsel who filed the waiver or (2) file proof of service of such document. Counsel in *pro se* cases designated to the ECF system are strongly encouraged to file such a waiver.

**3. Discovery.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

**4. Motions**

**A. Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

**B. Courtesy Copy.** All motion papers should include one courtesy copy. All courtesy copies shall be clearly marked as such.

**C. Oral Argument.** The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

**D. *Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

**5. Initial Case Management Conference.** The Court will generally schedule an initial case management conference within four months of the filing of the Complaint. An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

**6. Trial Documents**

**A. Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and

2

addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party. The *pro se* party shall file an original of this Statement with the Pro Se Office and an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or their counsel if they are represented. Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same information.

**B. Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.

If you have any questions about these rules and practices, please contact the Pro Se Office at (212) 805-0175.

3